USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/9/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x

WEI CHEN,

Petitioner,

– against –

GARY FILION, Superintendent, Coxsackie Correctional Facility,

Respondent.

------------------------------------------x

01 Civ. 11597 (TPG)

**OPINION**

Petitioner Wei Chen brings this petition under 28 U.S.C. § 2254 for relief from his conviction and sentence in the New York County Supreme Court for four counts of first-degree kidnapping and one count of third-degree criminal weapon possession. The petition is denied.

Chen also seeks an order compelling the State to produce a copy of an exhibit introduced at trial. That request is also denied.

## Background

### Evidence at Trial

The State alleged at trial that Chen had been involved in the kidnapping of two men. According to the State's evidence, the kidnappers initially brought the victims to a warehouse, where Chen interrogated and assaulted them. The victims were later taken to a house and locked in the basement, where Chen and others again

assaulted them. The next day, one of the kidnappers called the victim's family from a phone listed in Chen's name. A meeting was set up to discuss the kidnappers' ransom demands. When one of the kidnappers left the meeting, the police followed him, as well as a van accompanying the kidnapper. Chen was driving that van, and was later arrested. The next day, the police rescued the victims from the house where they were being held. The State determined that the telephone and electric service for the house were listed in Chen's name. The victims later identified Chen as the person who had assaulted them.

Throughout trial, Chen asserted that he merely acted as an intermediary between the kidnappers and the victims' family. He claimed that he was at home with his wife when the kidnapping took place. After later learning of the kidnapping, he attempted to negotiate with the kidnappers for the victims' release. Chen also claimed that one of the kidnappers happened to approach him while he was running errands and asked Chen to drive a van home. Although Chen admitted to having set up phone service for one of the kidnappers, he testified that he had merely done that as a favor for a friend. Thus, according to Chen, his only involvement with the kidnapping was as an intermediary trying to negotiate on the victims' behalf for their release.

Chen was convicted of four counts of first-degree kidnapping and one count of third-degree criminal weapon possession. He was sentenced to indeterminate terms of imprisonment of 25 years to life on

the kidnapping counts and one to seven years on the weapon possession charge, all of which were to run concurrently.

Post-Conviction State Court Proceedings

After Chen was convicted, he appealed his conviction on the ground that the trial judge had "demonstrated a lack of neutrality" in court, thereby denying defendant a fair trial. The Appellate Division affirmed the conviction, determining that the trial judge had made proper evidentiary rulings and that defendant's failure to object to the court's "allegedly prejudicial rulings and comments" rendered this claim unreviewable. People v. Chen, 256 A.D.2d 75 (1st Dep't 1998). The Court of Appeals denied leave to appeal. 93 N.Y.2d 859 (1999).

Chen then applied for a writ of error coram nobis challenging (1) the competency of appellate counsel; (2) the prosecution's failure to disclose favorable evidence; (3) the trial judge's evidentiary rulings; (4) the trial judge's decision not to provide a second interpreter during trial; and (5) the competency of trial counsel. The Appellate Division denied Chen's application. Order, Indictment No. 15385/90 (Feb. 29, 2000). The Court of Appeals again denied leave to appeal. Certificate Dismissing Application, Indictment No. 15385/90 (March 28, 2000).

Chen then moved under § 440.10 of New York Criminal Procedure Law for an order vacating the conviction on the ground that his trial counsel had been ineffective. The motion was denied on July 3, 2001, largely for failure to raise this argument on direct appeal. Decision and

Order, Indictment No. 15385/90 (July 3, 2001). The Appellate Division denied Chen leave to appeal. Certificate Denying Leave, Indictment No. 15385/90 (Dec. 11, 2001). Chen then filed the instant habeas petition.

The Habeas Petition

Chen's habeas petition was timely and set forth four grounds for relief: ineffective assistance of trial counsel, ineffective assistance of appellate counsel, denial of the right to compulsory process, and denial of the right to a fair trial. The petition provided a few examples to support the grounds that Chen asserted, but was generally lacking in detail. The petition was accompanied by a set of documents submitted to the state courts in earlier proceedings and copies of the decisions rendered by those courts. It was also accompanied by an affidavit from Chen's attorney that summarized the legal standards governing habeas petitions. However, no memorandum of law was submitted, and the affidavit by Chen's attorney did not apply the legal standards it recited to the facts of Chen's case.

On September 23, 2002, this court summarily dismissed the petition. On June 29, 2003, the Second Circuit remanded the case to this court for clarification of whether this court's dismissal of the ineffective assistance claims had been based on procedural grounds or was on the merits. This court subsequently ordered the State to respond to Chen's petition, which it did. Chen, acting pro se, submitted an 88-page reply to the State's brief.

Chen subsequently submitted letter requests to this court asking it to order the State to provide him with a copy of a trial exhibit. Chen claims that he intends to use this document in support of various motions relating to his conviction.

Petitioner's Claims

Ineffective Assistance of Trial Counsel

Chen's claim of ineffective assistance of trial counsel is procedurally barred, and is therefore denied. Even if the court were to consider the claim on the merits, however, it would be denied.

When the state court rendering the most recent reasoned decision in a case explicitly states that its decision rests on a procedural bar under state law, that decision generally forecloses federal habeas review of the defaulted claims. Levine v. Comm'r of Corr. Servs., 44 F.3d 121, 126 (2d Cir. 1995). A federal habeas court can only disregard the procedural default when the petitioner demonstrates that (1) there was cause for the default, and failure to review the claim would cause actual prejudice, or (2) failure to consider the claim will result in a fundamental miscarriage of justice. Washington v. James, 996 F.2d 1442, 1447 (2d Cir. 1993).

In its decision on Chen's § 440.10 motion, the state court rejected the ineffective assistance claim on the ground that Chen failed to raise this argument on direct appeal. The claim is therefore procedurally barred. Chen's argument that this court should ignore the procedural

default is unavailing. Chen argues that there was cause for the default because he received ineffective assistance at trial and because the state court refused to consider this argument in the § 440.10 motion. In other words, Chen attempts to show cause by pointing to the substantive ground for his petition and the existence of the procedural bar itself. These are not valid reasons to ignore petitioner's procedural default.

Moreover, even if the court were to consider petitioner's claim on the merits, it would find that Chen did not receive ineffective assistance. For the court to grant the petition, the state court's decision must have been "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The relevant federal law was set forth in Strickland v. Washington, in which the Supreme Court held that a defendant raising an ineffective-assistance claim must show that (1) his attorney's performance "fell below an objective standard of reasonableness" and (2) prejudice resulted—i.e., "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. 668, 687, 694 (1984). A court can address these issues in either order; thus, if it is easier to determine that the defendant has failed to show prejudice, that determination is sufficient to dispose of the ineffective-assistance claim. Id. at 697.

Chen argues that his attorney failed to develop a theory of the case or assert a reasonable defense. Paradoxically, Chen also argues that it was inappropriate for his attorney to assert a defense that Chen was an intermediary, rather than a participant, in the kidnapping, because even a role as an "intermediary" suggests an inaccurately high level of involvement in the crime. The record indicates that Chen's attorney repeatedly argued or elicited testimony supporting the argument that Chen was involved in these events only as a negotiator on behalf of the victims. She therefore acted reasonably to offer the jury a plausible alternative explanation of Chen's involvement in these events. This was sound trial strategy, and there is no indication that it was unreasonable to raise this defense.

Chen also argues that his counsel failed to prepare sufficiently for the trial. He makes a litany of complaints about counsel failing to procure or review certain evidence. He argues that if his attorney had visited the locations where Chen was arrested, where the ransom was to be given to the kidnappers, and where a gun was recovered, she could have challenged the grounds for his arrest. It is not clear, however, what basis this evidence would have given her for such a challenge, and there is thus no showing that different action in this regard could have changed the result of the trial. Chen also argues that if his attorney had interviewed the kidnapping victims and their relatives, she would have learned of their illegal immigration status, and would have been able to

undermine those witnesses' credibility by arguing that the prosecution was using their illegal status to coerce the witnesses to testify in the prosecution's favor. However, since this evidence was brought out at trial notwithstanding defense counsel's failure to interview the victims, there is no showing of prejudice.

Chen further argues that if his attorney had obtained records regarding the ownership of the van in which he was arrested, she could have shown that the van did not belong to Chen. However, Chen was apparently arrested because he had been accompanying a car driven by a known kidnapper. The ownership of the van was irrelevant and, in any event, the defense elicited testimony that the van did not belong to Chen. Similarly, Chen argues that if his attorney had obtained further records regarding the house in which the victims were held, she could have established that Chen did not actually pay the utility bills for the house, and that Chen did not actually live in that house. Yet Chen conceded at trial that he had opened phone service in his name, and a witness from the electric company testified that the electric service at the house was in Chen's name. Chen also testified at trial that he did not know the address of the house. Even if defendant is correct that further records would have suggested only an attenuated relationship between Chen and the house, there is no reason to believe that this evidence would have changed the result of the trial, especially in light of the wealth of evidence offered by the State.

Chen's attorney apparently failed to provide the State with notice of what petitioner's alibi witnesses would testify to, as required by New York law. Since the court allowed these witnesses to testify despite this error, however, there was no prejudice.

Chen faults his counsel for failing to persuade the judge to appoint a second interpreter who would identify translation errors by the appointed interpreter and who would act as an interpreter between Chen and his attorney. Chen's counsel did ask the court to appoint a second interpreter, but her request was denied. She therefore acted reasonably and in compliance with her client's wishes.

Chen also argues that his attorney behaved inappropriately in court. He contends that her cross-examination was inadequate and that it was inappropriate for her to criticize the judge in open court. However, the record indicates that counsel was merely mounting a vigorous defense. Although there may have been some tension between defense counsel and the judge, counsel appears to have acted reasonably, and there is no indication that the result of the trial would have been different if the judge had had fewer occasions to sustain the State's objections to defense counsel's questions.

As discussed above, this claim is procedurally barred. Moreover, even if the court were to consider this claim on its merits, it would fail to satisfy the Strickland standard. This claim is therefore denied.

Ineffective Assistance of Appellate Counsel

Chen claims that he received ineffective assistance from his appellate counsel. In evaluating claims that appellate counsel's assistance was ineffective, courts apply the Strickland standard. Smith v. Robbins, 528 U.S. 259, 285 (2000). Thus, petitioner must establish that his appellate counsel acted unreasonably, and that there was a reasonable probability that petitioner would have achieved a different result on appeal if his counsel had presented the arguments that petitioner set forth in his habeas petition. Strickland, 466 U.S. at 687, 694.

According to petitioner, his appellate counsel should have argued that the prosecution violated its obligation under Brady v. Maryland, 373 U.S. 83, 87 (1963), to produce favorable and material information to the defendant. Specifically, Chen contends that he should have received more information pertaining to his arrest, information about the immigration status of the kidnapping victims, a receipt bearing the name of the warehouse where the victims were held, and evidence that the electric and phone service at the location of the victims were in Chen's name. Chen does not, however, explain how this information was either favorable to him or material to the case, nor does he demonstrate that there was any additional information for the prosecution to disclose. Indeed, given that much of this information appears to have been disclosed by the State, it appears unlikely that any remaining

information, if it even existed, would have been material to Chen's defense. There is thus no basis for finding either that his appellate counsel acted unreasonably in failing to raise a Brady argument or that such an argument would have caused Chen to prevail on appeal.

Denial of the Right to Compulsory Process and the Right to a Fair Trial

Chen also contends that he was deprived of a fair trial and an opportunity to present a complete defense. He objects both to evidentiary rulings by the trial judge and to purportedly prejudicial comments by the judge. Although the Second Circuit has not asked this court to clarify its denial of this portion of Chen's petition, the following discussion is nonetheless included to explain why this contention is without merit.

Chen's arguments regarding the trial court's evidentiary rulings were rejected on the merits by the Appellate Division during his direct appeal. His complaints regarding the purportedly prejudicial comments by the judge were found to be procedurally barred because defense counsel had not objected to them during trial.

For this court to grant the petition as to the trial judge's evidentiary rulings, the Appellate Division's decision upholding these rulings must have been "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Although the Sixth and Fourteenth Amendments to the Constitution entitle a

criminal defendant to "compulsory process for obtaining witnesses in his favor" and due process of law, the Supreme Court has repeatedly held that these rights are "subject to reasonable restrictions." United States v. Scheffer, 523 U.S. 303, 308 (1998). Such restrictions include evidentiary rules, as long as they are not arbitrary or disproportionate and do not infringe upon a weighty interest of the accused. Id.

Chen makes several arguments regarding the trial judge's rulings. First, he objects to the exclusion of certain testimony by Chen. However, these rulings included proper decisions on the grounds of relevance and hearsay to constrain testimony about Chen's background, Chen's conversations with another individual, and another individual's background. Second, Chen objects to what he characterizes as a ruling to exclude testimony as to the defense's efforts to locate a witness. After discussing the matter with counsel, however, the judge actually allowed much of this testimony, and the judge's decision to constrain some of this testimony on relevance grounds did not infringe on the defendant's constitutional rights. Finally, Chen objects to the judge's decision not to exclude a receipt bearing the name of the warehouse where the victims were first held, on the ground that the prosecution had not previously disclosed to the defense the address indicated on that receipt. However, the judge properly prevented the prosecution from showing the jury that address, and the remaining information on the receipt had been previously disclosed.

Chen's other stated basis for complaining about the conduct of the trial is that the trial judge made negative comments about the defense while making supportive comments about the prosecution. This issue was determined by the state court to be procedurally barred, and there is no basis for this court to ignore that decision. Even if this court were to consider this claim on the merits, however, there is no basis to support Chen's characterization of the comments by the trial judge. All that Chen cites are the judge's rulings on routine evidentiary objections, and the judge's statements and questions that were designed to facilitate the trial's progress and to help the jury better understand the trial testimony. The record does indicate that defense counsel attempted to ask witnesses expansive questions on behalf of her client, and that the judge reined her in when appropriate. Although the judge may have expressed some frustration at times, such statements appear to have been inconsequential and were usually made when the jury was not present.

Discovery Motion

Chen seeks an order from this court requiring the State to provide him with a copy of a trial exhibit—a receipt bearing the name of the warehouse where the victims were temporarily held. Chen claims that this document will be helpful to him as he prepares additional post-trial motions.

It appears unlikely that there are any further post-conviction motions that Chen is entitled to file. It also appears unlikely that Chen has any meritorious arguments left to make based on this document, in light of the extensive discussion of this document in both the trial record and the briefs for this petition. The application is denied.

Conclusion

The habeas petition is denied, and the Clerk of the Court is directed to close this case. The claim of ineffective assistance of trial counsel is denied as procedurally defaulted, although it would also have been denied on the merits. The claims of ineffective assistance of appellate counsel, and of deprivation of the rights to compulsory process and a fair trial, are denied on the merits. Petitioner's motion for discovery is also denied.

Because petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253; Lozada v. United States, 107 F.3d 1011, 1016-17 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255 (2d Cir. 1997). With respect to the in forma pauperis statute,

the court certifies that any appeal from this order would be frivolous and would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Dated: New York, New York
March 9, 2009

Thomas P. Griesa
U.S.D.J.